**VIRGINIA**

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

FILED CIVIL INTAKE
2020 FEB -3 PM 1:33
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| NICK HAILU<br>    *Plaintiff,*<br>v.<br><br>AMAZON.COM, INC.<br>AND<br>AMAZON.COM LLC<br>AND<br>AMAZON SERVICES, INC<br>AND<br>AMAZON.COM, SERVICES, INC.<br>AND<br>AMAZON.COM SALES, INC.<br>AND<br>AMAZON TECHNOLOGIES, INC.<br>AND<br>AMAZON FULFILLMENT SERVICES, INC<br>AND<br>AMAZON.COM.KYDC LLC<br>AND<br>AMAZON.COM.KYDC, INC.<br>AND<br>AZMED | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2020 - 01982<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| AND | ) |
| | ) |
| N1BRANDS, LLC | ) |
| *Defendants,* | ) |

## COMPLAINT

COMES NOW, NICK HAILU, by counsel, and in support of his Complaint against the above-named Defendants states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to Va. Code Ann. §§ 17.1-513.

2. Venue is appropriate on this Court pursuant to Virginia Code § 8.01-261.

### FACTS

3. On or about February 1, 2018 Plaintiff, Nick Hailu, purchased from Defendants an Azmed Classic 2 liter hot water bottle on Amazon.com, which is owned operated and maintained by Defendant Amazon.com, Inc.

4. The intended use of this water bottle, according to the advertisement placed on Amazon.com, was to use heat from the hot water placed inside the bottle to relieve pain in sore muscles by placing the bottle against the area of the body to be treated.

5. Such water bottle was manufactured by N1 Brands, LLC under the brand Azmed.

6. One or more of the Defendants Amazon.com, Inc.; Amazon.com LLC, Amazon Services, Inc; Amazon.com Services, Inc.; Amazon.com Sales, Inc. Amazon Technologies, Inc.; Amazon Fulfillment Services, Inc; Amazon.Com. KYDC LLC; Amazon.com.KYDC, Inc. (collectively the Amazon Defendants) sold the subject hot

water bottle to Plaintiff. At all relevant times, the Amazon Defendants were engaged in the business of marketing, distributing, and selling hot water bottles, including the Azmed hot water bottle that is the subject of this action.

7. One or more of the Amazon Defendants sold and shipped the subject hot water bottle to Plaintiff and/or were part of the supply chain for the hot water bottle.

8. The subject hot water bottle was designed, manufactured and sold by one or more of the Defendants N1 Brands, LLC, or Azmed. At all relevant times, the N1 Brands and Azmed were engaged in the business of manufacturing marketing, distributing, assembling, repairing, and/or selling hot water bottles including the hot water bottle that is the subject of this action.

9. The subject hot water bottle was sold marketed and advertised by one or more of the Amazon Defendants as well as N1 Brands and Azmed as having certain qualities and characteristics, particularly with regards to the intended use of the product and its ability to store hot water.

10. Such water bottle was delivered to the Plaintiff's home in Fairfax County, Virginia on February 4, 2018.

11. After receiving the package, plaintiff unboxed it and proceeded to fill it with hot water from his tap.

12. Plaintiff then placed the hot water bottle against his body as the product was intended to be used.

13. After placing the hot water bottle against his body, the seam at the bottom of the hot water bottle failed, causing hot water to spill out of the bottle and onto the Plaintiff.

14. Such, hot water caused first and second degree burns on Plaintiff's arms, legs and buttocks.

15. Plaintiff suffered severe physical pain and mental anguish as a result of the burns, as well as severe scarring that has caused the affected skin to change color. Such physical pain and mental anguish continue and are reasonably expected to continue into the future.

16. Plaintiff has had to undergo several skin grafts and laser treatments that required the use of general anesthesia to reduce the scarring.

17. The scarring is likely to be permanent, despite treatment, causing deformities, disfigurement, humiliation, embarrassment, and inconvenience since the time of the incident, and it is reasonably expected such will continue into the future.

18. All such injuries are the direct and proximate result of the Defendants' negligence, breach of express warranty, and/or breach of warranties of merchantability.

19. Plaintiff has incurred medical costs as a result of these injures and is reasonably expected to suffer further costs into the future.

20. At all relevant times, Plaintiff's use of the hot water bottle was reasonably foreseeable by the Defendants.

21. At no time prior to or during his use of the hot water bottle did Plaintiff ever change, alter, disassemble, repair, replace, any portion of the hot water bottle, or use it in any way other than for its intended and advertised use as a hot water bottle for the purpose of relieving pain in sore muscles. The hot water bottle was used in the same condition in which it left the Defendants' hands.

22. The hot water bottle sold to Plaintiff was in a dangerous and defective condition when it left Defendants' hands and was shipped to Plaintiff, who used the hot water bottle for its intended purpose as a bottle capable of holding hot water.

23. The design, manufacturing, marketing and advertising of the hot water bottle was relied on by Plaintiff when he purchased the hot water bottle, and was defective, dangerous, and misleading in that it could not contain hot water without a catastrophic failure.

### Count I Breach of Implied Warranty of Merchantability

24. Plaintiff realleges and incorporates by reference paragraphs 1-23.

25. The Defendants are merchants with respect to hot water bottles.

26. The Defendants impliedly warranted that the hot water bottle was of merchantable quality and fit for its intended and ordinary use, and for the general and particular purpose for which it was designed, manufactured, marketed, distributed, assembled, and sold.

27. The hot water bottle was not fit for the purpose for which it was intended and was unreasonably dangerous in the condition it was sold to Plaintiff.

28. The condition of the hot water bottle when it was sold to Plaintiff and left Defendants' hands was such that it contained a manufacturing defect that created a dangerous condition in the hot water bottle.

29. The seam at the bottom of the bottle failed when the bottle was filled with water, causing a catastrophic failure of the hot water bottle.

30. The manufacturing defect in the seam of the hot water bottle caused it to be unfit for its intended purpose of holding hot water during normal, intended, foreseeable use.

31. Defendants breached the implied warranty of merchantability due to the manufacturing defects in the hot water bottle.

32. As a direct and proximate cause of the Defendants' breach of their implied warranty of merchantability, Plaintiff sustained serious injuries.

## Claim II Negligence

33. Plaintiff realleges and incorporates by reference paragraphs 1-32.

34. The hot water bottle was dangerous for use as a hot water bottle.

35. The dangerous condition of the bottle existed when the bottle left the Defendants' hands.

36. Defendant had a duty to use ordinary care to design and manufacture the hot water bottle that was reasonably safe for its intended purpose.

37. The hot water bottle was incapable of serving its intended purpose as advertised, marketed and sold as being capable of holding hot water against the body. The bottle failed on its first use.

38. The manufacture of the hot water bottle was defective in that it was structurally incapable of holding hot water as was advertised, marketed and sold to do during normal, intended, and foreseeable use.

39. The hot water bottle left the Defendants' hands in an unsafe condition in that when used to hold hot water, the seam at the bottom of the bottle failed.

40. Defendants breached their duty of care to the Plaintiff in the design and manufacture of the hot water bottle, rendering it unsafe for its intended purpose.

41. As a direct and proximate result of the Defendants' breach of their duty of care, the hot water bottle failed, spilling hot water onto Plaintiff resulting in severe injury.

## Count III Breach of Express Warranty

42. Plaintiff realleges and incorporates by reference paragraphs 1-41 above.

43. Defendants affirmatively stated in their advertisements and marketing the hot water bottle was capable of holding hot water.

44. These affirmative statements created an express warranty.

45. The bottle was not capable of holding hot water during normal, intended and foreseeable use.

46. As a direct and proximate cause of Defendants' breach of their express warranty Plaintiff sustained serious injuries.

## MISCELLANEOUS

47. Trial by jury demanded.

48. Plaintiff reserves this right to amend these pleadings.

WHEREFORE, Plaintiff, Nick Hailu, respectfully requests judgment against the Defendants jointly and severally in the amount of $2,500,000.00 plus interest from the date of the incident, his costs and reasonable attorneys fees and grant such other relief as is mete and proper.

Respectfully submitted,
Nick Hailu
By counsel

Christopher J. Gardner
Virginia State Bar No. 89191
8500 Leesburg Pike, Suite 400
Vienna, Virginia 22182
Telephone: (703) 361-9700
Facsimile: (571) 327-3311
Chris@swsrlaw.com
*Counsel for Plaintiff*

# FAIRFAX CIRCUIT COURT
# CIVIL CASE COVERSHEET

2020-01982

**Parties:**

| Plaintiffs | Defendants |
|---|---|
| 1. Nick Hailu | 1. Amazon.com, Inc |
| 2. | 2. Amazon.com, LLC |
| 3. | 3. et al |

*Plaintiff proceeding without Counsel – Address and Daytime Phone Number required on Complaint

**Plaintiff Attorney:**

Name: Christopher J. Gardner  Bar ID: 89191
Firm: Sandground, West, Silek & Raminpour, PLC
Street: 8500 Leesburg Pike, Suite 400
City: Vienna  State: VA  Zip: 22182
Phone Number: (703) 564-4600  Fax Number: (703) 564-5040
E-mail Address: chris@swsrlaw.com

**Nature of Complaint** (Check only one)   * Cases in the Civil Tracking Program

| | | |
|---|---|---|
| Administrative Appeal | Defamation * | Malpractice – Medical * |
| Affirmation of Marriage | Delinquent Taxes * | Mechanics/Vendors Lien * |
| Aid & Guidance | Eminent Domain | Partition * |
| Appeal Decision of Board of Zoning | Encumber/Sell Real Estate | Personal Injury – Assault * |
| Appeal of Process/Judicial Appeal | Erroneous Assessments | Personal Injury – Auto * |
| Appointment Church/Organization Trustees | Expungement | Personal Injury – Emotional * |
| Arbitration | False Arrest/Imprisonment* | Personal Injury – Premises Liability* |
| Attachment | Fiduciary/Estate Complaint | Property Damage* |
| Complaint – Equity * | Garnishment–Federal–180 days | ✓ Products Liability* |
| Complaint – Legal Cause of Action * | Garnishment–Wage–180 days | Quiet Title * |
| Compromise Settlement | Garnishment–Other – 90 days | Real Estate * |
| Condemnation* | Guardian/Conservator Adult | Restoration of Driving Privilege |
| Confession of Judgment | Guardianship/Minor | Vital Record Correction |
| Construction * | Injunction | Writ Habeas Corpus |
| Contract * | Interpleader | Writ Mandamus |
| Conversion* | Insurance * | Wrongful Death* |
| Court Satisfaction of Judgment | Judicial Review | Wrongful Discharge * |
| Declare Death | Malicious Prosecution * | OTHER: |
| Declaratory Judgment * | Malpractice – Legal * | |

Damages in the amount of $ 2,500,000.00 are claimed.

Requested Service: Sheriff☐ Private Process Server☐ DMV☐ Secretary of Commonwealth☐ State Corporation Commission☐ Publication☐ No Service at this time ✓

CCR D-90 Civil Coversheet (Revised – October 2011)